1 Connor Lynch (SBN 301538)
connor@lynchllp.com
2 LYNCH LLP
360 East 2nd Street, Suite 800
3 Los Angeles, CA 90012
Phone: (949) 229-3141
4

5 Sean Lynch (SBN 292508)
sean@lynchllp.com
6 LYNCH LLP
4379 30th Street, Suite 4
7 San Diego, CA 92104

8 Attorneys for Plaintiff JJ Quality LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| JJ Quality LLC, | Civil Action No. **'24CV1512 BEN AHG** |
|---|---|
| Plaintiff, | |
| v. | |
| MedInfo, Inc., | Declaratory Judgment for Non-Infringement of U.S. Patent No. 12,036,812 |
| Defendant. | |

COMPLAINT FOR
DECLARATORY JUDGMENT

Plaintiff, by and through its attorneys of record, alleges as follows:

**Nature of the Action**

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of the actual and justiciable case or controversy that exists between Plaintiff and Defendant, arising out of Defendant's patent assertion efforts against Plaintiff's lawful activities based on a patent of which no valid claims are infringed and for which no relief is legally warranted.

**The Parties**

3. Plaintiff JJ Quality LLC ("First Lifesaver") is a California company that sells its products and operates an online retail presence using the registered trademark First Lifesaver.

4. Defendant MedInfo, Inc. is, on information and belief, a company headquartered in Colorado.

**Jurisdiction and Venue**

5. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq.* Plaintiff brings this civil action against Defendant under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgment of non-infringement with respect to United States Patent No. 12,036,812 (the "'812 Patent"). Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the '812 Patent.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of California and in this judicial district.

8. The Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. Defendant has directed its patent assertion campaign at Plaintiff (a California resident) in this judicial district by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '812 Patent through a private, third-party tribunal.

9. On or around August 7, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon complaint") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. Attached hereto as Exhibit 2 is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff.

10. Plaintiff's California location is prominently advertised on its Amazon store page. In the headline banner at the top of its page is the outline of the state of California with an American flag graphic, appearing above the tagline "Designed by Nurses, for Nurses!" Prominently displayed copy further down that page begins as follows: "First Lifesaver, located in Southern California…." This page is readily accessible from the accused product's Amazon store page by clicking "Visit the First Lifesaver store" just beneath the product name on that page. Attached hereto as Exhibit 3 is a copy of the First Lifesaver store page on Amazon.

11. Defendant's actions threaten Plaintiff with significant business and legal consequences through its allegations that Plaintiff has infringed the '812 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and to the state of California.

12. By initiating the Amazon Complaint against First Lifesaver, a company with whom Defendant was familiar, Defendant availed itself of the laws of the state of California and knew that its actions would harm First Lifesaver in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff in California and prejudices Plaintiff's ability to conduct business in California. Defendant's acts seek to disrupt the stream of commerce originating in California *vis-a-vis* Plaintiff's goods.

13. According to Defendant's website, Defendant also supplies its own clipboard products to retailers in California and in this judicial district, including through the California State University San Marcos Bookstore.

14. On information and belief, Defendant imports its clipboard products or constituent parts thereof into California, including through Los Angeles.

**Plaintiff is a small business threatened by spurious claims of patent infringement.**

15. Plaintiff is a small business located in Escondido, CA, headed by Hitomi Arakawa, who also works as a nurse.

16. Plaintiff's business is the design, development, and sale of products that nurses and other medical professionals may find useful in their work. Ms. Arakawa draws on her own experience as a nurse to develop the business of Plaintiff.

17. Plaintiff's business activities in California include product development and design, shipping, warehousing, first article testing, quality assurance, product warranty and support, sales, and marketing and advertising.

18. The Amazon listings identified in the APEX Notice that Plaintiff received on August 7, 2024 represent a substantial portion of Plaintiff's business. Those Amazon listings are created and managed by Plaintiff in California, promoted by advertisements created in California, fulfilled and shipped from California, and paid for with purchaser payments deposited into California banks.

19. By initiating the APEX process that would automatically remove Plaintiff's Amazon listings from the Amazon web marketplace, Defendant's patent infringement notice to Amazon threatened to interfere substantially with Plaintiff's business operations in California.

**Claim One**
**Declaratory Judgment of Non-Infringement of the '812 Patent**

20. Plaintiff re-alleges the allegations set forth above as if fully set forth herein.

21. An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the '812 Patent by Plaintiff's product identified by the Amazon ASIN that is the subject of Defendant's Amazon Complaint (B0CKLXPBL7).

22. Plaintiff has not infringed, directly or indirectly, any claim of the '812 Patent either literally or via the doctrine of equivalents.

23. The accused clipboard does not infringe, directly or indirectly, any claim of the '812 Patent.

24. Defendant's patent infringement allegations regarding the '812 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot

be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

25. Plaintiff is entitled to declaratory judgment adjudicating that the '812 Patent is not infringed by Plaintiff and enjoining Defendant from continuing its patent assertion campaign against Plaintiff in California and elsewhere.

26. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## PRAYER FOR RELIEF

Plaintiff prays for judgment in its favor against Defendant as follows:

A) Declaratory judgment that the patent-in-suit is not infringed by Defendant;

B) An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

   1. restraining and enjoining, preliminarily and permanently, any assertion of the patent-in-suit against Plaintiff, and

   2. requiring that Defendant provide written notice of the injunction to all enjoined parties.

C) Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct;

D) Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly; and

E) Such other or further relief as the Court may deem proper.

DATED: August 25, 2024                     LYNCH LLP

                                           By   /s/ Connor Lynch
                                              Connor Lynch
                                              *Attorneys for Plaintiff*